# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| STATE OF CALIFORNIA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> LINDA MCMAHON, in her official capacity as Secretary of Education, et al., <br><br> Defendants. | C.A. No. _____ |

POLICY MEMORANDUM[1]

SUBJECT:  Extension of Liquidation Periods and Related Accounting Adjustments for Grantees under Department of Education State-Administered Programs

June 5, 2007

Federal grant funds have a limited life in which to be used by grant recipients.  This policy memorandum addresses standards and procedures for using Federal funds on a timely basis.  It describes the procedures and circumstances under which the Department of Education (Department) will consider requests for late liquidations of obligations under State-administered programs and approval of related accounting adjustments that may, in very limited circumstances as outlined below, allow adjustments to enable States to charge an obligation to a different year's account.  (This policy memorandum does not affect the procedures for the return of Federal funds to the Department or for liquidations under discretionary grant programs.)

The Department takes its role as a steward of Federal education funds very seriously.  Requests for late liquidations and related accounting adjustments will be approved only in appropriate circumstances, consistent with the procedures and principles in this policy memorandum.  It is critical that Federal education funds be obligated and liquidated in a businesslike fashion so that the beneficiaries of Federal programs receive services in a timely and effective manner.

Legal Background:  Obligations are binding commitments for goods or services.  (34 CFR 76.707 defines the date on which an obligation occurs in particular types of instances.)  Under State-administered programs, grantees (and subgrantees) must obligate funds during the fiscal year for which the funds were appropriated or during the succeeding fiscal year.  34 CFR 76.709.  This extra year of fund availability is called the "Tydings period."  Many State-administered programs are also "forward-funded;" i.e., Congress makes the funds available for obligation by the States on July 1 before the start of the fiscal year, instead of at the start of the fiscal year on October 1.  Thus, under most of the Department's State-administered programs, after adding the extra three months at the beginning of the grant and the twelve-month Tydings period at the end of the grant, grantees and subgrantees have 27 months to obligate their grant funds.  For the remaining programs, States have 24 months to obligate their grant funds, starting on October 1 of the fiscal year for which the funds are made available for obligation.  Funds not obligated within the Tydings period lapse and must be returned to the Federal government.  34 CFR 76.709(b).

Under a long-standing administrative decision of the Department, an obligation may be charged to a specific source of funds after those funds are no longer available for obligation--i.e., after the so-called Tydings period--"so long as there is clear and unambiguous documentation showing that the transaction giving rise to the obligation

---

[1] This policy memorandum supersedes the January 28, 2005, policy memorandum of the same title.

occurred before the relevant Tydings cutoff date." Appeal of the State of California, Docket No. 12(122)83 at 5 (Decision of the Secretary of Education, May 6, 1986) (emphasis in original).  The "legally relevant question [is] when the obligation arose, not in what account such obligation may have been legally recorded." Id.

Under Department regulations, a grantee must liquidate (or make final payment on) all obligations incurred under an award not later than 90 days after the end of the Tydings period. 34 CFR 80.23(b). The Department may extend this deadline at the request of the grantee. If the liquidation deadline is extended, the grantee is then allowed to access the funds through the Department's Grant Administration and Payment System (GAPS). Any remaining funds revert to the Federal Treasury and are no longer available to the grantee five years after the deadline for the obligation of the funds at the Federal (not the State) level. 31 U.S.C. 1552(a).

Procedural Requirements for Late Liquidation Requests

The Department has decided to change the policy governing approval of late liquidation requests. In this document, we first describe the policy that is effective through September 30, 2007. Secondly, we describe the policy effective after that date. Please note that regardless of which procedures apply to a situation, the principles for approving late liquidation requests remain the same.

Policy Effective through September 30, 2007

Process for Approving Late Liquidation Requests:  The principal operating component (POC) within the Department of Education has the responsibility to consider and approve or disapprove late liquidation requests made up to 12 months after the end of the Tydings period (i.e., 9 months after the end of the normal liquidation period) consistent with the principles outlined below. For late liquidation requests made after that point, only the Chief Financial Officer (CFO) has the authority to approve or disapprove the request in conjunction with the Office of the Deputy Secretary, the Office of the Under Secretary, and the Office of the General Counsel. When a POC receives a late liquidation request after the initial 12-month period, the POC forwards the request to the CFO with a recommended course of action. The CFO approves or disapproves the request and informs the POC of the decision. The POC notifies the grantee of the Department's decision and, if the request is approved, takes the necessary actions to implement the late liquidation.

Policy Effective Beginning on October 1, 2007

Process for Approving Late Liquidation Requests:  The principal operating component (POC) within the Department of Education has the responsibility to consider and approve or disapprove late liquidation requests made up to 18 months after the end of the Tydings period (i.e., 15 months after the end of the normal liquidation period) consistent with the principles outlined below. After the eighteen-month period expires, the Department will no longer grant late liquidation requests, except under extraordinary circumstances or in

cases involving lengthy construction contracts. In those cases, only the Chief Financial Officer (CFO) has the authority to approve or disapprove the request in conjunction with the Office of the Deputy Secretary, the Office of the Under Secretary, and the Office of the General Counsel. When a POC receives a late liquidation request after the eighteen-month period, the POC forwards the request to the CFO and, if the POC believes the request meets the standards for approval, includes a recommended course of action. The CFO approves or disapproves the request and informs the POC of the decision. The POC notifies the grantee of the Department's decision and, if the request is approved, takes the necessary actions to implement the late liquidation.

<u>Principles for Approving Late Liquidation Requests</u>: Generally, grantees and subgrantees are expected to liquidate obligations within 90 days after the end of the Tydings period. However, the Department recognizes that liquidations for certain types of obligations (such as construction contracts) may need to occur more than 90 days after the close of the Tydings period. In considering whether to approve late liquidation requests, Department officials will apply the following principles.

1. In all circumstances, including late liquidations, Federal funds may be used only for obligations that were incurred during the grant period (including the Tydings period) and only for allowable costs under the relevant program. With respect to any late liquidation request, the grantee has the burden of demonstrating the timeliness of the obligations and the allowability of the costs. The Department will scrutinize liquidation requests more closely the later that they are made. For late liquidation requests made on or before September 30, 2007, the Department will scrutinize more closely those requests made more than 12 months after the close of the Tydings period. Starting on October 1, 2007, the Department will not approve late liquidation requests made more than 18 months after the end of the Tydings period, except under extraordinary circumstances or in cases involving lengthy construction contracts.

2. The Department generally will not approve late liquidation requests or related accounting adjustments that move Federal funds between programs or subgrantees.

3. The Department generally will not approve late liquidation requests or related accounting adjustments that move obligations or expenditures from State or local accounts to Federal programs, but the Department may approve late liquidation requests that reimburse the grantee for payments made initially from non-Federal funds for obligations charged to Federal programs.

    EXAMPLE: A grantee incurs obligations properly and on a timely basis, charging it to the proper Federal program account. However, the grantee initially pays for the obligations with local funds and, after a period of time, requests that it be able to reopen the Federal program account in GAPS so that it can reimburse itself for the payments made originally from local funds. Because the funds were obligated on a timely basis during the Tydings period, and charged to the correct

> Federal program account, the Department may approve these late liquidations to allow these reimbursements. The Department generally would not approve the request, however, if the grantee charged the original obligations to the wrong program account, and the grantee had to make further accounting adjustments that would move Federal funds between programs before the reimbursements could be made.

4. Liquidation requests generally must be consistent with the underlying accounting system of the grantee for the period in question. The Department will not approve late liquidation requests or related accounting adjustments that retroactively change the basic nature of the grantee's underlying accounting system, but the Department will consider reasonable requests that result from temporary or minor deviations from a grantee's accounting system.

   EXAMPLE: A grantee has consistently employed a first in, first out (FIFO) accounting system, but for a limited period of time mistakenly charged obligations to current year funds, rather than to available earlier year funds. Because the grantee has employed a FIFO system generally, the Department might approve accounting adjustments and late liquidations that would allow remaining funds to be used for obligations incurred during the relevant Tydings periods for allowable purposes. The Department would be less inclined to approve the request, however, if the changes were necessary because of recurring mistakes or systemic problems with the grantee's accounting system. The Department would not approve the request if the grantee were attempting to switch to a FIFO accounting system retroactively.

5. In deciding whether to approve late liquidation requests and related accounting adjustments, the Department will consider the past performance of the grantee, including whether the grantee is on high-risk status and whether the grantee has fulfilled its responsibilities under the Single Audit Act on a timely basis.

6. The Department will consider requests for late liquidation and related accounting adjustments not specifically addressed by these principles on a case-by-case basis.

<u>Required Attestation/Audit</u>: Before the Department approves a late liquidation or related accounting adjustments, the grantee must submit an attestation signed by a high-ranking, authorized official as to the accuracy of the information and representations that form the basis for the request, including, at a minimum, an attestation that under the proposed late liquidation and/or accounting adjustments, Federal funds would only be used for obligations incurred within the periods of availability of those funds and for allowable purposes. For requests made on or before September 30, 2007, if the request is made more than 12 months after the end of the Tydings period, that attestation must be signed by the Chief State School Officer or the state's Chief Financial Officer (or comparable officials, in the case of grantees that are not State educational agencies). For requests made on or after October 1, 2007, if the request is made more than 18 months after the end of the Tydings period, the Secretary will only approve it in extraordinary

circumstances or in cases involving lengthy construction contracts.  The authorized official submitting the request must be the Chief State School Officer or the State's Chief Financial Officer (or comparable officials, in the case of grantees that are not State educational agencies.)  In appropriate circumstances, the Department may require an audit by an independent auditor or other review of the late liquidations and/or accounting adjustments as a condition of approval of the grantee's request.



UNITED STATES DEPARTMENT OF EDUCATION

OFFICE OF ELEMENTARY AND SECONDARY EDUCATION

AUG 16 2011

**MEMORANDUM TO TITLE I, PART A, TITLE III, AND HOMELESS STATE DIRECTORS**

SUBJECT: Phase 1 Late Liquidation Requests

I am writing to inform you about procedures the Office of Elementary and Secondary Education (OESE) is implementing with regard to resolving "Phase 1" late liquidation requests that occur within 15 months after the grant's normal liquidation period (18 months after obligation period ends). As you know, section 80.23(b) of the Education Department General Administrative Regulations, or EDGAR, (34 C.F.R. § 80.23(b)) establishes the basic requirements for liquidating obligations in state-administered formula grant programs. Specifically, 34 C.F.R. § 80.23(b) requires that valid liquidations for all obligations in U.S. Department of Education (ED) formula grant programs be made within 90 days after the period for obligating funds ends. The provision, however, also allows ED to grant extensions of the liquidation period, upon request from the grantee.

On June 5, 2007 ED issued guidance on consideration and resolving late liquidation requests (available at http://www.ed.gov/policy/fund/guid/lateliquidation.doc). Consistent with this policy, ED has recently established uniform internal procedures for all program offices to follow in considering requests to extend the liquidation period after the 90-day period ends. The procedures outlined below are intended to establish consistent standards concerning documentation that all grantees are expected to provide to ED in order for us to review and process Phase 1 late liquidation requests that your State may submit. These procedures are also intended to encourage timely liquidations and the approval of requests for late liquidations in limited circumstances to help ensure proper accountability for the beneficiaries of these grant programs.

In order for us to consider any Phase 1 late liquidation request a State educational agency (SEA) must submit a formal written request signed by a high-ranking official in the SEA. The written request must provide the following information:

1. Name of program (including the Catalog of Federal Domestic Assistance (CFDA) number);
2. Grant Award number;
3. Current Expenditures (net drawdowns);
4. Current balance (amount not drawn down);
5. Percent of grant award amount not drawn down
6. Requested amount to be drawn down;
7. Revised expenditures (net drawdowns) if request is approved;

400 MARYLAND AVE., SW, WASHINGTON, DC 20202
www.ed.gov

*The Department of Education's mission is to promote student achievement and preparation for global competitiveness by fostering educational excellence and ensuring equal access.*

Page 2 – Memorandum to Title I, Part A, Title III, and Homeless State Directors

8. Revised balance if request is approved;
9. Time period requested to complete draw down (number of days or a specific end date);
10. A clear explanation of the circumstances for why these funds were not drawn down within the 90-day period allowed for liquidating funds under 34 C.F.R. § 80.23(b), including backup documentation supporting the circumstances described;
11. A description of the steps the SEA is taking to ensure the timely drawdown and liquidation of funds in the future; and
12. A written statement attesting that the information provided in the request is accurate and that the funds drawn down would only be used for obligations incurred within the period of availability and support costs that were allowable under applicable laws and regulations in effect during the period of availability.

To assist you in making such a request, I am attaching a draft template for requesting a Phase 1 late liquidation extension that you may wish to follow in submitting your request.

You should direct any Phase 1 late liquidation requests for the programs administered by the Student Achievement and School Accountability programs (SASA) office to me at the following address:

> Ms. Patricia A. McKee
> Acting Director
> U.S. Department of Education
> 400 Maryland Ave., SW
> Washington, DC 20202-6132
> Attention: Sandy Brown

Our office will review your request and make a recommendation to the OESE Assistant Secretary based on the documentation submitted. The Assistant Secretary will make the decision whether to approve your late liquidation request. Please note that our office cannot process late liquidation request for programs we do not administer.

Please note that these procedures do not apply to "Phase 2" late liquidation requests that are submitted more than 15 months after the grant's normal liquidation period (18 months after obligation period ends). Consistent with the late liquidation policy ED issued on June 5, 2007, any Phase 2 late liquidation request must be reviewed by ED's Office of the Chief Financial Officer (OFCO) and has a much higher standard of scrutiny. The OFCO would approve Phase 2 late liquidation requests only under extraordinary circumstances.

Page 3 – Memorandum to Title I, Part A, Title III, and Homeless State Directors

Also attached is a list of the formula programs administered by SASA. If you have any questions about the information that needs to be included in a Phase 1 late liquidation request for a specific program, please contact Mr. Paul S. (Sandy) Brown at (202) 260-0976 or at Paul.Brown@ed.gov.

                                                                             Patricia A. McKee

                                                                             Acting Director
                                                                             Student Achievement and School
                                                                               Accountability Programs

Enclosures

# EXAMPLE OF "PHASE I" LATE LIQUIDATATION REQUEST TO REOPEN A GRANT AWARD THAT HAS BEEN SUSPENDED IN THE G5 GRANTS MANAGEMENT SYSTEM

Dear

Under §80.23(b) of the Education Department General Administrative Regulations (34 C.F.R. 80.23(b)), the [*insert the name of the State educational agency*] is requesting that Grant Award [*insert grant award number(s) and the name of the program(s)*] be reopened for [*specify number of days or establish a specific end date*] so [*the SEA*] can access the G5 Grants Management System to draw down funds needed to liquidate obligations made between [*beginning date and ending date*]. [*Or provide an alternative reason for the request as applicable: e.g., need to correct an accounting error or to access Title I, Part A funds reserved for the State Academic Achievement Awards program for another year because of the additional year those funds are available for obligation beyond the normal Tydings Amendment period of availability.*]

The information needed to process this request is as follows:

|   |   | [Insert name of program, CFDA number, and grant award number)]* |
|---|---|---|
| 1 | Grant Award amount |   |
| 2 | Current Expenditures (net drawdowns) |   |
| 3 | Current balance (amount not drawn down) |   |
| 4 | Percent of grant award amount not drawn down |   |
| 5 | Requested amount to be drawn down |   |
| 6 | Revised expenditures (net drawdowns) if request is approved |   |
| 7 | Revised balance if request is approved |   |
| 8 | Time period requested to complete draw down (number of days or a specific end date) |   |

* Use more than one column if there are late liquidation request for multiple programs.

The [*name of SEA*] requests that this grant award be reopened because [*insert a clear explanation of the circumstances for why the SEA has not drawn down all of the funds made available to the State under the grant award in question prior to the December 31, 20XX deadline date for drawing down those funds. In the letter, the SEA must provide backup documentation supporting the situation it described. Where applicable, the explanation must also describe the steps the SEA is taking to ensure the timely drawdown of funds in the future. The explanation may require several paragraphs to describe the need for the late liquidation request in sufficient detail.*]

# LIST OF STUDENT ACHIEVEMENT AND SCHOOL ACCOUNTABILITY FORMULA PROGRAMS

| | |
|---|---|
| Title I, Part A Grants to Local Educational Agencies | CFDA 84.010A |
| Title I, Part A Grants to Local Educational Agencies (Recovery Act) | CFDA 84.389A |
| State Agency Neglected and Delinquent program | CFDA 84.013 |
| Homeless Children and Youth program | CFDA 84.196A |
| Homeless Children and Youth (Recovery Act) | CFDA 84.387A |
| Homeless Education Disaster Assistance Program (HEDA) | CFDA 84.383A |
| Title III English Language Acquisition State Grants | CFDA 84.365A |
| State Assessment Grants | CFDA 84.396A |
| School Improvement State Grants | CFDA 84.377A |
| School Improvement State Grants (Recovery Act) | CFDA 84.388A |